DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Case No. 1:22-cv-_____-_____

MARSHA SPENCER a/k/a Marsha Waddell,

        **Plaintiff,**

v.

**TICI LLC**, d/b/a Denny's, **G2G MANAGEMENT GROUP, LLC,**
**ISAIAH DANZIK,** an individual, and **VINCE EUPIERRE,** an individual,

        **Defendants.**

## VERIFIED COMPLAINT

### INTRODUCTION

1. Plaintiff Marsha Spencer ("Plaintiff") worked for Defendants' Denny's restaurants for approximately a year and a half, from October 5, 2020 to March 4, 2022.  At the risk of oversimplifying, Plaintiff was grossly overworked and underpaid. By granting her various titular promotions, Defendants extracted significantly more work from Plaintiff for which she was paid less per work hour.

2. During her employment, she held various titles: Server, Person in Charge ("PIC"), Restaurant Manager ("RM"), and during her last few months of employment General Manager ("GM"). She worked at several different affiliated Denny's locations in greater Denver under the TICI/G2G umbrella.

3. There were several issues with Plaintiff's pay. First, Plaintiff was improperly paid at an annual rate of $49,000 from January 1, 2022 to March 4, 2022 when her annual rate should

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

have increased to $69,000 to compensate her for her promotion to the General Manager role. Second, for most of her employment Defendants did not keep track of Plaintiff's time worked, and when she worked over 40 hours a week they did not pay her anything extra as overtime compensation. Third, based on the hours Plaintiff was working, she was not paid at or above the minimum wage rate for each hour worked. Fourth, Plaintiff was not provided with meal or rest periods.

4. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants TICI LLC d/b/a Denny's, G2G Management Group, LLC, Isaiah Danzik, an individual, and Vince Eupierre, an individual to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

5. Plaintiff further alleges that Defendant violated the anti-retaliation provisions of the FLSA and/or CWCA by accusing her of stealing money in response to her complaints regarding her employer's wage and hour violations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq*. of the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 2

8. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' restaurants located at various locations in Denver, Colorado.

## PARTIES

### Defendant TICI LLC d/b/a Denny's

9. Defendant **TICI LLC** d/b/a Denny's (hereinafter "TICI") is a limited liability company doing business within Denver County, whose principal office street address as listed with the Colorado Department of State is located at 9930 W. 49th Ave, Wheatridge, CO 80033. Its registered agent is listed as C T Corporation System with an address of 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

10. Defendant TICI operates multiple Denny's restaurant locations.

11. Among the Denny's restaurant locations that TICI operates are #8713, located at 12090 E. 40th Ave, Denver, CO 80239; #8714, located at 900 West Alameda Ave, Denver, CO 80223; #8720, located at 16751 E 32nd Ave, Aurora, CO 80011; #7203, located at 1605 Federal Blvd, Denver, CO 80204; #8717, located at 565 Union Blvd, Lakewood, CO 80228; and #8718, located at 9930 W 49th Ave, Wheat Ridge, CO 80033.

12. At all relevant times, Defendant TICI had annual gross revenues in excess of $500,000.

13. At all relevant times, Defendant TICI was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. Upon information and belief, Defendant TICI purchases food, supplies, equipment and other necessary items to run its restaurants and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 3

Defendant TICI advertises its restaurants, and specifically the above listed locations, to the entire world on the internet. Defendant TICI also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

15. At all times material to this action, Defendant TICI was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant G2G Management Group, LLC**

16. Defendant G2G Management Group, LLC (hereinafter "G2G") is a limited liability company organized under the laws of the State of Delaware doing business within the County of Denver, and whose principal place of business is located at 5755 S Sandhill Rd, Ste A, Las Vegas, NV 89120.

17. At all relevant times, Defendant G2G had annual gross revenues in excess of $500,000.

18. At all relevant times, Defendant G2G was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. At all relevant times, Defendant TICI was a subsidiary of Defendant G2G, upon information and belief.

20. At all times material to this action, Defendant G2G was subject to the FLSA and was an additional "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Isaiah Danzik**

21. Defendant Isaiah Danzik, an individual, resides in Denver County, Colorado upon information and belief.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 4

22. At all times material to this action, Defendant Danzik actively participated in the business of Defendant TICI.

23. Defendant Danzik served as Plaintiff's immediate boss.

24. At all times material to this action, Defendant Danzik exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees and was very involved in the restaurant's day-to-day operations.

25. At all times material to this action, Defendant Danzik was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Defendant Vince Eupierre**

26. Defendant Vince Eupierre, an individual, resides in Orange County, California, upon information and belief.

27. At all times material to this action, Defendant Eupierre actively participated in the business of Defendant G2G.

28. Defendant Eupierre is the Chief Executive Officer of Defendant G2G.

29. Functionally, Defendant Eupierre participated in bigger business and management decisions for Defendant G2G.

30. On the G2G website (https://g2gmg.com), Defendant Eupierre is held out as being "one of the largest Denny's franchisees in America."

31. At all times material to this action, Defendant Eupierre exercised substantial control over the functions of the company's employees including Plaintiff through his control and management of the various restaurant locations where Plaintiff worked.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 5

32. At all times material to this action, Defendant Eupierre was an "employer" of the Plaintiff as defined by § 203(b) of the FLSA.

**Plaintiff Marsha Spencer**

33. Plaintiff Marsha Spencer is a resident of Littleton, Colorado.

34. Plaintiff Spencer worked for various Denny's locations in the greater Denver area from October 5, 2020 to March 4, 2022.

35. During her time working for Defendants, Plaintiff held various titles including Server, Person in Charge ("PIC"), Restaurant Manager ("RM"), and during her last few months of employment General Manager ("GM").

36. Plaintiff was required to work at several different affiliated Denny's locations in greater Denver under the TICI/G2G umbrella.

37. Specifically, Plaintiff worked at the following Denny's locations: #8713, located at 12090 E. 40th Ave, Denver, CO 80239; #8714, located at 900 West Alameda Ave, Denver, CO 80223; #8720, located at 16751 E 32nd Ave, Aurora, CO 80011; #7203, located at 1605 Federal Blvd, Denver, CO 80204; #8717, located at 565 Union Blvd, Lakewood, CO 80228; and #8718, located at 9930 W 49th Ave, Wheat Ridge, CO 80033.

38. At all times material to this action, Plaintiff Spencer was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

39. Spencer estimates that generally she worked approximately 18 to 20 hours per day and approximately 130 hours per week.

40. The restaurants in which Plaintiff worked were severely understaffed and she almost always worked 7 days per week, even when she was scheduled for fewer days.

41. Plaintiff consistently worked more than she was scheduled to work.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 6

42. For most of her employment, Plaintiff Spencer was not expected to record time worked, and when she worked more than 40 hours a week Defendants did not pay her anything extra as overtime compensation.

43. Because Plaintiff was working so many hours, she was not paid at least the minimum wage rate for many of her hours worked.

44. Plaintiff was hardly ever able to take a meal period of 30 minutes or more relieved of all duties, with the Defendants' knowledge. And she was not compensated for her meal periods when she was not able to take them.

45. Plaintiff Spencer also generally did not get bona fide rest breaks.

46. Plaintiff's pay scheme was hourly from October 5, 2020 to July 30, 2021.

47. Plaintiff's annual salary from July 31, 2021 to December 31, 2021 was $49,000.

48. Plaintiff was promoted to the role of General Manager and worked in this role from January 1, 2022 to March 4, 2022.

49. From January 1 to March 4, 2022 Plaintiff's annual salary was supposed to increase to $69,000 with her promotion to General Manager.

50. However, Plaintiff's annual salary remained at $49,000 from January 1 to March 4, 2022 despite her promotion to General Manager.

51. When Plaintiff mentioned that she was not being properly paid after her promotion to Defendant Isaiah Danzik, she was falsely accused of stealing money from the restaurant.

52. The stress of being overworked and falsely accused of theft caused Plaintiff significant emotional distress.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 7

DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

53. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

54. Defendants failed to compensate Plaintiff at a rate of one- and one-half times her normal hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

55. 130 hours a week of the federal minimum wage is 40 hours x $7.25/hour plus 90 hours x $7.25 x 1.5 = $1,268.75. Plaintiff's $49,000 per year salary divided by 52 weeks is $942.30 per week.

56. Therefore, Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

### *Record-Keeping Failures*

57. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

58. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 8

DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

59. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

60. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

61. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all underpaid minimum wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

62. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

63. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

64. Plaintiff is Defendants' "employee" as that term is defined by the COMPS Order because she performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Minimum Wage***
**(Violation of the C.R.S. § 8-6-101 *et seq.*; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

65. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

66. Specifically, from July 31, 2021 to December 31, 2021 Defendants paid Plaintiff at a rate $49,000 per year. Thus, the amount Plaintiff received in a given workweek divided by the

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 9

DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

number of hours actually worked resulted in a wage less than the applicable minimum wage rate for at least some workweeks.

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

67. Plaintiff worked more than 40 hours most workweeks.

68. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

69. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

70. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to her and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

71. Defendants violated the CWA as implemented by the COMPS Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

72. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at her regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

73. The Defendants failed to pay Plaintiff all her earned wages when due.

74. Specifically, Defendants did not pay Plaintiff all her earned wages, including minimum wages, overtime, and her increased salary, at the end of the pay periods when these wages became due.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

75. Plaintiff has been separated from employment with Defendants.

76. Defendants have failed to pay Plaintiff all her wages and compensation earned during Plaintiff's employment.

77. Specifically, Plaintiff is owed minimum wages, overtime, and a salary differential for the time she worked in the role of General Manager but was not compensated as such.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1)**

78. Defendants did not pay Plaintiff for all her time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order/COMPS 7 C.C.R. 1103-1(7).

79. Defendants did not pay Plaintiff for all her time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order/COMPS 7 C.C.R. 1103-1(8).

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

80. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated May 25, 2022.

81. Defendant has not tendered any payment in response to this demand.

82. More than 14 days has elapsed since May 25, 2022.

83. Defendants' failure to pay Plaintiff owed wages in response to this demand was willful.

84. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 11

DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

*Damages*

85. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)    Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)    Statutory damages as provided for the CWCA; and

(D)    Interest; and

(E)    The costs of this action together with reasonable attorneys' fees; and

(F)    Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Spencer v. TICI LLC, et al.*
USDC, District of Colorado

Complaint
Page 12

DocuSign Envelope ID: E69371CA-F2E3-473A-A3F9-92FC4D511E43

Respectfully submitted, this **22nd** day of **September**, **2022**.

ANDERSONDODSON, P.C.

_s/ Penn Dodson_

**Penn A. Dodson**
_penn@andersondodson.com_
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

_s/ Mary Elizabeth Melso_

**Mary Elizabeth Melso**
_mmelso@andersondodson.com_
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401

Attorneys for Plaintiff

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on  9/21/2022                          at   9/21/2022
                    (date)                                         (city or other location, and state)

DocuSigned by:

Marsha Spencer

              **Marsha Spencer**                          —089EB2DBE652482—
          Printed Name of Plaintiff                             Signature of Plaintiff

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
_www.andersondodson.com_

_Spencer v. TICI LLC, et al._                                                      Complaint
USDC, District of Colorado                                                      Page 13