IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-02464-RM-KLM

MARSHA SPENCER a/k/a Marsha Waddell,

    Plaintiff,

v.

TICI LLC d/b/a Denny's,
G2G MANAGEMENT GROUP, LLC,
ISAIAH DANZIK, and
VINCE EUPIERRE,

    Defendants.

---

## ORDER

---

Before the Court is the Recommendation by United States Magistrate Judge Kristen L. Mix (ECF No. 47) to grant Defendants' Motion to Dismiss and Compel Arbitration (ECF No. 21). Plaintiff filed an Objection to the Recommendation (ECF No. 49), and Defendants filed a Response (ECF No. 50). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.    BACKGROUND**

From October 2020 to March 2022, Plaintiff worked at several Denny's restaurants in and around Denver, Colorado. She filed this lawsuit in September 2022, asserting claims for violations of the Fair Labor Standards Act ("FLSA") and the Colorado Wage Claim Act by

Defendants—two limited liability corporations and two individuals she alleges were her employer.  (ECF No. 1 at ¶¶ 15, 20, 25, 32.)

Defendants moved to dismiss the action and compel arbitration for lack of subject matter jurisdiction, relying on a Mutual Arbitration Agreement between Plaintiff and MDC Restaurants, LLC (the "Company").  The Agreement, which Plaintiff signed on her first day of employment, contains a binding arbitration provision that applies to "all claims or disputes that could otherwise be filed in state or federal court arising out of or related in any way to [Plaintiff's] employment with the Company," including, as pertinent here, "claims by [Plaintiff] against (i) the Company, (ii) its employees, officers, directors, agents, (iii) its parent, subsidiary and affiliated entities, and/or (iv) successors and assigns of any of them based on any state or federal statute (including claims for employment discrimination, retaliation or harassment, and unpaid wages)."  (ECF No. 21-3 at 2.)

The Motion was referred to the magistrate judge for a Recommendation.  After it was fully briefed (ECF Nos. 24, 27), the magistrate judge determined that Defendants, who are not signatories to the Agreement, are nonetheless parties to the Agreement, and that they may enforce the Agreement and compel this matter to arbitration.  (ECF No. 47 at 5.)   In reaching this determination, the magistrate judge noted the absence of any dispute as to either the validity of the Agreement or whether Plaintiff's claims arise out of her employment with Denny's.  (*Id.* at 5 n.2.)

The magistrate judge found that the Agreement reflects the intent that the entity Defendants be bound by the Agreement as a parent and affiliate of the Company per clause (iii) above.  And the magistrate judge found that the Agreement reflects the intent that the individual

Defendants be bound by the Agreement as an employee and officer of the Company per clause (ii) above. Further, the magistrate judge noted that Plaintiff alleged in the Complaint that each Defendant was her employer and concluded that the Agreement required her to arbitrate claims such as those brought in this lawsuit. (*Id.* at 11.) The magistrate judge also found that the Agreement defines the Company to include its employees, officers, directors, and agents, as well as its parent, subsidiary, and affiliated entities, providing additional support for the notion that Defendants were intended parties to the Agreement. (*Id.* at 12.) Therefore, the magistrate judge recommended granting the Motion.

## II.     LEGAL STANDARDS

### A.     Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.     Fed. R. Civ. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Dismissal under

Fed. R. Civ. P. 12(b)(1) is not a judgment on the merits of the plaintiff's case but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction). Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

### III.   ANALYSIS

In her Objection, Plaintiff argues that the magistrate judge erred by (1) applying a presumption in favor of arbitration, (2) finding Defendants are parties to the Agreement, (3) concluding, at least implicitly, that Defendants could enforce the Agreement as third-party beneficiaries, and (4) recommending that her claims be dismissed rather than stayed. The Court is not persuaded by these arguments.

First, the Court rejects Plaintiff's contention that there is no presumption in favor of arbitration. Arbitration is a favored method of dispute resolution under both federal and Colorado law. It is well established that "[f]ederal courts have a liberal federal policy favoring arbitration agreements," and that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Reeves v. Enter. Prods. Partners, LP*, 17 4th 1008, 1011 (10th Cir. 2021) (quotations omitted); *see also Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003) (en banc) ("If ambiguities are found in the arbitration agreement, we must afford the parties a presumption in favor of arbitration and resolve doubts about the scope of the arbitration clause in favor of arbitration.").

Plaintiff's reliance on *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022), is misplaced.  The holding of *Morgan* is that courts may not invent and apply new procedural rules based on the Federal Arbitration Act's policy favoring arbitration.  But Plaintiff has not shown that the Recommendation is premised on the application of any novel rules favoring arbitration over litigation, as she appears to suggest.  *Cf. id.*  Rather, the magistrate judge treated the Agreement like any other contract and sought to effectuate the intent and reasonable expectations of the parties based on the plain language of the Agreement.  (*See* ECF No. 47 at 6, 11.)  To the extent Plaintiff asserts that a presumption in favor of arbitration was applied, she has not shown how it made a difference in this case.  *See also Morgan*, 142 S. Ct. at 1713 (noting that that the policy favoring arbitration is merely an acknowledgment of a commitment to overrule the judiciary's longstanding refusal to enforce arbitration agreements and to place such agreements on the same footing as other contracts).  Accordingly, the Court discerns no error in the Recommendation with respect to its references to the policy favoring arbitration.

Second, Plaintiff has not shown that the magistrate judge erred by concluding Defendants are parties to the Agreement that can compel her to arbitrate her claims.  The Recommendation cites *Frazier v. W. Union Co.*, 377 F. Supp. 3d 1248, 1262 (D. Colo. 2019), for the proposition that in Colorado, nonsignatory parties may be bound by an arbitration agreement based on ordinary principles of contract law.  (ECF No. 47 at 6.)  Other courts in Colorado have similarly concluded that "a non-party may be bound by the terms of an agreement if the parties so intend." *N.A. Rugby Union LLC v. United States of Am. Rugby Football Union*, 442 P.3d 859, 864 (Colo. 2019); *see also Eychner v. Van Vleet*, 870 P.2d 486, 489 (Colo. App. 1993) ("[A] nonparty may fall within the scope of an arbitration agreement and may bring an action on such contract if that

is the intent of the parties."). As explained in the Recommendation, the Agreement defines the Company to include both the entity Defendants and the individual Defendants[1] and expresses a clear intent to require both parties to arbitrate disputes such as those asserted in this case. Plaintiff has not shown that the magistrate judge erred in analyzing the parties' intent as expressed in the Agreement.

Third, although the Recommendation does not expressly find that Defendants are third-party beneficiaries under the Agreement, the magistrate judge did conclude that "all Defendants are intended parties to the Agreement." (ECF No. 47 at 12.) Under Colorado law, a nonsignatory to an arbitration agreement may compel a signatory to arbitrate if, inter alia, it is a third-party beneficiary of the agreement. *See Santich v. VCG Holding Corp.*, 443 P.3d 62, 65 (Colo. 2019); *N.A. Rugby Union*, 442 P.3d at 863-64. Thus, even if Plaintiff were correct that Defendants are not "parties" to the Agreement, she has fallen well short of establishing that they do not have standing to compel arbitration under the circumstances of this case.

Fourth, in her Objection, Plaintiff cites no authority in support of her argument that the case should be stayed rather than dismissed. Further, no party has filed a motion to stay this case pending the arbitration proceeding. The Court finds that dismissal without prejudice is appropriate under the circumstances here. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

---

[1] Under the FLSA, the term "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

### IV. CONCLUSION

Therefore, the Objection (ECF No. 49) is OVERRULED, the Recommendation (ECF No. 47) is ACCEPTED, and the Motion (ECF No. 21) is GRANTED.  The Clerk is directed to CLOSE this case.

DATED this 6th day of April, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge